UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LAWRENCE DALLAS,

Plaintiff,

v.

ANDREW CARR et al.,

Defendants.

Case No. 1:26-cv-581

Honorable Robert J. Jonker

______________________________/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below. The Court will deny Plaintiff's motion to appoint counsel (ECF No. 7).

## Discussion

### I. Amended Complaint

Plaintiff initiated this action on February 20, 2026. (ECF No. 1.) Then, on May 6, 2026, Plaintiff filed an amended complaint. (ECF No. 6.) Plaintiff states that he submitted his amended complaint "[t]o cut to the facts," and to use the amended complaint "as an affidavit under the penalty of perjury." (Am. Compl., ECF No. 6, PageID.163.) Because Plaintiff may amend his complaint once as a matter of course before a responsive pleading is served, the Court will consider Plaintiff's amended complaint as the operative complaint in this matter. *See* Fed. R. Civ. P. 15(a).

### II. Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel to represent him in this matter. (ECF No. 7.) Plaintiff requests appointed counsel because of the number of parties in his case, Plaintiff's mental health and dyslexia, the complexity of the case, and because Plaintiff does not have access to a computer or phone to adequately communicate in his case. (*Id*., PageID.176.)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper

presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 7) will, therefore, be denied.

## III. Factual Allegations

Plaintiff[1] is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the following IBC staff: Corrections Officer (CO) Andrew Carr named as Andrew Car, Sergeant James Teelander, CO Zion Miller, and CO Marietta Russell.

On May 6, 2024, Plaintiff and his bunkmate, inmate Barnard, were locked in their cell for the evening.[2] (*See* Am. Compl., ECF No. 6, PageID.166.) Stemming from an earlier incident in the yard involving inmate Barnard, Defendant Carr unlocked Plaintiff's cell and entered with Defendants Miller and Russell. (*See id*., PageID.164–165.) After Defendants entered the cell, Defendant Carr "tackled" inmate Barnard and "began to hit Barnard with all his might."[3] (*Id.*) Plaintiff grabbed Defendant Carr's arm and said, "stop hitting [Barnard] like that, you're gonna

---

[1] The Plaintiff in this action is Lawrence Dallas, but the amended complaint describes several incidents between other named prisoners and the named Defendants. As described below in Section III, to the extent that Plaintiff's complaint attempts to raise any claims or causes of action on behalf of other prisoners, Plaintiff may not do so, and any intended claims brought on behalf of other prisoners are not addressed in this opinion. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." (citations omitted)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)).

[2] As noted above, Plaintiff may bring his own individual claims. Allegations regarding non-party inmate Barnard are intended for context as they relate to Plaintiff's claims. Any claims arising from the allegations concerning inmate Barnard may not be raised by Plaintiff.

[3] In this opinion, the Court corrects the punctuation, spelling, and grammar in quotations from Plaintiff's filings.

kill him." (*Id.*) Plaintiff states that "[he] was scared . . . [but] brought [Defendant Carr] out of the killing trance he was in." (*Id.*, PageID.165.) Defendant Carr "ripped out of [Plaintiff's] grip and hit [Plaintiff] in [his] collar bone."[4] (*Id.*, PageID.167.) Defendant Carr told Plaintiff: "Keep your f[***]ing hands off me or you're next." (*Id.*) Defendants Miller and Russell then "tackled [Plaintiff] to the bed" and Plaintiff "kicked" or "shove[d]" Defendant Carr with his leg to get Defendant Carr off Barnard. (*Id.*, PageID.167–168.)

As Plaintiff was escorted out of his cell, he noticed that the windows of the nearby cells were covered at the time of this incident, which Plaintiff asserts indicates that Defendant Carr "clearly had retaliation on his mind . . . [and] was not going in [Plaintiff's cell] to restore justice or discipline." (*Id.*, PageID.167–168.) Plaintiff alleges, in sum, that Defendant Carr "came and beat on Barnard and [Plaintiff]." (*Id.*, PageID.165.)

Plaintiff further contends that Defendant Carr should have called an extraction team or a sergeant prior to entering their cell, if inmate Barnard was being disruptive. (*Id.*, PageID.168.) Specifically, Plaintiff alleges that he should have been removed from the cell for safety prior to Defendants Carr, Miller, and Russell extracting inmate Barnard. (*See id.*, PageID.164.) Defendant Teelander, a sergeant, was "in the unit at the time of the assault" and Plaintiff is "unsure if [Defendant Teelander] was notified" before Defendant Carr entered Plaintiff's cell, but that "someone needs to be held accountable for what happened in that room." (*Id.*, PageID.171.)

---

[4] Although Plaintiff's amended complaint is the operative complaint in this action, the Court notes that in his initial complaint, Plaintiff describes the force used by Defendant Carr as causing a "big bruise" on his shoulder. (Compl., ECF No. 1-1, PageID.19–20.) Plaintiff claims that "if [he] would have been someone else, [Defendant Carr] could have broken [Plaintiff's] collar bone," (*id.*, PageID.28), and that "now with that injury, it hurts more [to sleep on a metal bunk]." (Compl., ECF No. 1, PageID.3.)

The remaining events in the amended complaint involve Plaintiff's Class I misconduct hearing for the above-described incident, his reclassification and placement into segregation, the conditions of confinement in segregation, the lack of available programming in segregation, the denial of his parole applications, personal property claims, and issues with obtaining responses to his grievances. (*See generally* Am. Compl., ECF No. 6.) Plaintiff avers that these allegations raise First, Fourth, Fifth, and Eighth Amendment violations, as well as other statutory violations. (*Id.*, PageID.166–167, 171–173.) The named Defendants in this action, Carr, Miller, Russell, and Teelander, are not named as being involved in these remaining events and Plaintiff does not name any additional or intended defendants as being involved in these subsequent incidents or claims.[5] (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's allegations to raise Eighth Amendment claims for excessive force and failure to protect against Defendants.[6] Plaintiff seeks injunctive relief as well as monetary damages.

[5] Because the Defendants in this action are not named in the rest of Plaintiff's factual allegations, in the interest of judicial efficiency, the Court will not recite these additional allegations here.

[6] Although Plaintiff lists other constitutional and statutory claims in his amended complaint, the Court construes only Eighth Amendment claims against the named Defendants. It appears that Plaintiff believes that all the events set forth in his amended complaint are related simply because they occurred after the alleged use of force and he subjectively views all the events as relating back to that use of force. However, Plaintiff's subjective interpretation of events does not transform separate events regarding the misconduct hearing, placement into segregation, conditions of confinement, programming, parole, personal property, and grievances into events that arise out of the same transaction or occurrence. Furthermore, to the extent that Plaintiff intended to bring additional claims against the named Defendants, he has neither named those Defendants in those allegations, nor has he named any other individuals as having direct involvement in these later occurrences. Plaintiff's allegations to support any additional claims therefore fall short of the minimal pleading standards of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2).

## IV. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## V. Analysis

### A. Plaintiff lacks standing, authority, or a cognizable claim to bring claims on behalf of others

Throughout Plaintiff's amended complaint, he describes several incidents between other non-party inmates and the named Defendants. (*See generally* Am. Compl., ECF No. 6.) "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("Section 1983 creates a cause of action for deprivation of civil rights," and "[b]y its own terminology, the statute grants the cause of action 'to the injured party.'" (footnote omitted)). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357 (citation omitted).

Furthermore, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to his or her own claims. Only a licensed attorney

may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Here, some of the § 1983 claims in Plaintiff's amended complaint present alleged violations that other non-party inmates suffered. (Am. Compl., ECF No. 6, PageID.166–167.) These inmates are not proper plaintiffs to the action because they did not sign the original or amended complaints. (*See id*., PageID.170; *see also* Compl., ECF No. 1.) Additionally, the amended complaint contains no allegations or facts to suggest that Plaintiff is the legal representative of any other inmate, and Plaintiff may not proceed under § 1983 for the emotional distress he suffered personally as a result of another inmate's injuries. *See Garrett*, 374 F. App'x at 615 (citing *Claybrook*, 199 F.3d at 357). Further, it does not appear that Plaintiff is a licensed attorney, and as a layman, Plaintiff may only represent himself with respect to his individual claims. Accordingly, for these reasons alone, any of Plaintiff's claims raised on behalf of other prisoner-plaintiffs are properly dismissed.

### B. Eighth Amendment Claims

#### 1. Excessive Force Claims

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under

common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

**a. Defendant Carr**

Plaintiff claims Defendant Carr used excessive force against him when Defendant Carr hit Plaintiff in his collar bone on May 6, 2024. (Am. Compl., ECF No. 6, PageID.167.) Plaintiff's allegations regarding his actions prior to Defendant Carr taking this action lack some specificity. Nevertheless, at this early stage in the proceedings, the Court must take Plaintiff's factual

allegations as true and in the light most favorable to him. Therefore, at this time, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendant Carr.

**b. Defendants Miller and Russell**

Plaintiff's allegations relating to Defendants Miller and Russell are that they "tackled" Plaintiff to the bed after Plaintiff grabbed Defendant Carr's arm. (Am. Compl., ECF No. 6, PageID.167–168.) Defendants Miller and Russell then "put [Plaintiff] in cuffs." (*Id*., PageID.164.)

As an initial matter, Plaintiff does not allege that he suffered any injury from Defendants Miller and Russell when they tackled him and placed him in handcuffs. Further, Plaintiff does not claim that Defendants Miller and Russell restrained him in a manner that maliciously or sadistically caused Plaintiff any harm or intended to cause him harm. Indeed, according to Plaintiff's allegations, Defendants Miller and Russell were restraining Plaintiff after he grabbed Defendant Carr's arm. (*See id*., PageID.167–168.) Although Plaintiff's allegations show that Defendants Miller and Russell used force to restrain him, there are no facts to support a claim that the force used was beyond what was needed to restrain Plaintiff. Thus, there are no facts regarding Defendants Miller and Russell that the force used by them against Plaintiff was excessive, given the situation and context described by Plaintiff.

Accordingly, Plaintiff's Eighth Amendment excessive force claims against Defendants Miller and Russell will be dismissed for failure to state a claim.

**2. Failure to Protect Claims**

**a. Defendants Miller and Russell**

Insofar as Plaintiff intends to raise a failure to protect claim against Defendants Miller and Russell for the force used by Defendant Carr against Plaintiff,[7] he fails to state a claim, as detailed below. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson*, 468 U.S. at 526–27). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

An officer or other prison official is liable for another prison official's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'"

[7] As explained above, to the extent that Plaintiff's complaint attempts to raise failure to protect claims against Defendants Miller and Russell as related to non-party inmate Barnard, he may not do so. *See supra* Section V.A.

*Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)); *accord Alexander v. Carter for Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018).

Assuming that Defendants Miller and Russell "had reason to know that excessive force would be" used by Defendant Carr against Plaintiff, Plaintiff fails to provide any allegations from which the Court could conclude that they "had both the opportunity and the means to prevent the harm from occurring." *Burgess*, 735 F.3d at 475. Plaintiff's allegations do not suggest that Defendant Carr's singular hit to his collar bone occurred over a lengthy period of time; instead, the allegations suggest that the use of force against Plaintiff occurred quickly. The United States Court of Appeals for the Sixth Circuit has held that "where the 'act of excessive force unfolds in a matter of seconds, the second requirement [i.e., having both the opportunity and the means to prevent the harm] is generally not satisfied.'" *Alexander*, 733 F. App'x at 265 (quoting *Pennington v. Terry*, 644 F. App'x 533, 548 (6th Cir. 2016)); *see Ontha v. Rutherford Cnty.*, 222 F. App'x 498, 506 (6th Cir. 2007) (collecting cases). The Sixth Circuit's reasoning for this determination is "that it demands too much of officers to require that they intervene within a sudden and quickly-expired moment of opportunity." *Pennington*, 644 F. App'x at 548 (citing *Ontha*, 222 F. App'x at 506). Here, Plaintiff fails to allege facts suggesting that his own interactions with Defendant Carr lasted long enough for Defendants Miller and Russell to perceive what was going on and intercede to stop Defendant Carr's use of force against Plaintiff.

Accordingly, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendants Miller and Russell. Further, because there are no additional claims against Defendants

Miller and Russell in the complaint, Defendants Miller and Russell will be dismissed from this action.

**b. Defendant Teelander**

Plaintiff alleges that Defendant Teelander was "in the unit at the time of the assault [by Defendant Carr]" but Plaintiff is "unsure if [Defendant Teelander] was notified" before Defendant Carr entered Plaintiff's cell. (Am. Compl., ECF No. 6, PageID.171.) Plaintiff alleges that "someone [i.e. Defendant Teelander] needs to be held accountable for what happened in that room." (*See id.*)

As articulated above, a prison official is liable for another prison official's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess*, 735 F.3d at 475 (emphasis in original).

Plaintiff fails to allege any facts suggesting that Defendant Teelander had reason to know that force would be used by Defendant Carr. Plaintiff states that he does not know if Defendant Teelander knew about Defendant Carr's entry into Plaintiff's cell, and Plaintiff does not allege that Defendant Teelander observed any force being used. Furthermore, as detailed above in the claims against Defendants Miller and Russell, even if Defendant Teelander was present, Plaintiff's own interactions with Defendant Carr did not last long enough for any officer to perceive what was going on and intercede to stop Defendant Carr's use of force against Plaintiff. Accordingly, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendant Teelander.

Moreover, to the extent that Plaintiff seeks to hold Defendant Teelander liable due to his supervisory position, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v.*

*Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendant Teelander encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff's claims against Defendant Teelander will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Teelander in the complaint, Defendant Teelander will be dismissed from this action.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis* (ECF No. 2), and the Court will deny Plaintiff's motion to appoint counsel (ECF No. 7). Further, having conducted the review required by the PLRA, the Court determines that Defendants Miller, Russell, and Teelander will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment excessive use of force claim against Defendant Carr remains in the case.

An order consistent with this opinion will be entered.

Dated: September 21, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge